# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LAZARO ROQUE,

        Petitioner,

v.                                          Case Number: 08-CV-13373
                                                Honorable Arthur J. Tarnow

CINDI CURTIN,

        Respondent.
_____/

## ORDER COMPELLING PRODUCTION OF STATE COURT RECORD

Petitioner filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 4, 2008. (Dkt. # 1.) On August 21, 2008, the Court signed an order of responsive pleading, requiring Respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by October 14, 2008. (Dkt. # 2.) The order specifically stated that as part of the answer, Respondent shall file a copy of any prior decisions, pleadings, briefs and/or transcripts needed to adjudicate the issues presented.

Subsequently, Respondent filed a motion requesting an extension of time in which to file her response, which the Court granted, giving Respondent until December 15, 2008, in which to file her response. (Dkt. # 7.) Respondent filed her answer to the petition for writ of habeas corpus on December 15, 2008. (Dkt. # 10.) However, Respondent has failed to file the necessary Rule 5 materials with the Court.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28

U.S.C. foll. § 2254.  "When this information is required, it is the State's responsibility to provide it."  *Griffin,* 308 F.3d at 654.  An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions.  *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

Habeas Rule 5 speaks in mandatory terms as to what must be attached to the respondent's answer.  *Flamer v. Chaffinch*, 774 F. Supp. 211, 219 (D. Del. 1991).  The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the district court for consideration in light of the full record.  *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003).  It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent.  *See Shaw v. Parker,* 27 Fed. Appx. 448, 450 (6th Cir. 2001).

Based upon the foregoing, the Court orders Respondent to produce the necessary Rule 5 materials within ten (10) days of the date of this order or show cause why they are unable to comply with the order.

S/Arthur J. Tarnow  
Arthur J. Tarnow  
United States District Judge

Dated:  March 10, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 10, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles  
Judicial Secretary